UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RITTER,

    Plaintiff,

v.

MUSKEGON COUNTY
PROSECUTOR, et al.,

    Defendants.
_____/

Hon. Paul L. Maloney

Case No. 1:23-cv-207

## REPORT AND RECOMMENDATION

Plaintiff Gregory Ritter filed a complaint against the Muskegon County Prosecutor and the City of Norton Shores Chief of Police on January 27, 2023, in the Northern District of Illinois. That Court transferred the action to this Court on February 27, 2023. (ECF No. 5.) At the time he filed his complaint, Ritter was a federal prisoner incarcerated at MCC Chicago. He has since been released to a "half-way house." (ECF No. 9 at PageID.4.) Although Ritter brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), it is properly brought as one under 42 U.S.C. § 1983 because Defendants are state actors.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Ritter's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Ritter's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant

to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Ritter's complaint for failure to state a claim.

## I.  Background

Ritter was convicted of an unspecified federal crime and incarcerated with the Federal Bureau of Prisons (BOP) as of December 27, 2018. He was aware of a non-extradition warrant issued by the City of Fruitport at the time of his arrest in December 2018. He also knew that the Fruitport warrant existed as of August 2022. When Ritter applied to the BOP's residential release program, he was rejected on the basis of the Fruitport warrant. After about six months, Fruitport informed MCC Chicago that it did not have an outstanding warrant but indicated that two other warrants had been issued by Norton Shores and Muskegon County. Those warrants were issued on or after December 2022, but Defendants did not issue detainers. The warrants precluded Ritter from participating in the BOP's residential reentry program.

For relief, Ritter seeks removal and dismissal of all criminal cases and warrants or detainers and at least $200,000 in damages plus costs. (ECF No. 11 at PageID.6.)

## II.  Analysis

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is

2

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Ritter fails to allege a constitutional violation. First, the issuance of the warrants, alone, did not violate Ritter's constitutional rights, as they have yet to be executed. *See Reyenga v. Sheriff's Office Red River Parish*, No. 1:19-CV-140, 2019 WL 2147945, at *1 (W.D. La. Apr. 25, 2019) ("Reyenga has provided no authority indicating that he has a due process right to be arrested. Since the warrants have not been executed, no procedural rights have been violated."). Second, to the extent that Ritter asserts that the warrants violate his due process rights by affecting his custody classification and/or precluding his participation in BOP programs, he fails to state a claim because he has no due process right to a certain classification or participation in prison programs. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Oatis v. Caruso*, No. 1:08-cv-1050, 2009 WL 80347, at *3 (W.D. Mich. Jan. 8, 2009) ("To the extent that Petitioner argues that he has a due process right to the halfway house program, his claim fails. . . . Petitioner does not have a federally cognizable liberty interest in participating in rehabilitative treatment programs." (citing *Moody*,

3

429 U.S. at 88 n.9.)). Finally, I am unaware of any authority by which a federal court may dismiss state criminal proceedings or remove unexecuted state warrants. *See Reyenga*, 2019 WL 2147945, at *1 ("Reyenga has provided no authority for this Court to order the state to prosecute him or withdraw its warrants."); *Wade v. Hamilton Cnty. Prosecutor's Office*, No. 1:11-cv-590, 2011 WL 5920770, at *3 (S.D. Ohio Nov. 7, 2011), *report and recommendation adopted*, 2011 WL 5914003 (Nov. 28, 2011) ("[T]o the extent Mr. Wade seeks mandamus relief by requesting rulings compelling state officials to either lodge a detainer or dismiss the outstanding warrants, this Court lacks the authority to grant such relief. 'Federal courts have no general power to compel action by state officers, including state judicial officers.'" (quoting *Smith v. Ohio Adult Parole Auth.*, No. 6:10–cv–105, 2010 WL 1839017, at *3 (E.D. Ky. May 5, 2010))). To the extent Ritter seeks such relief, he must do so in state court.

### III.  Conclusion

For the foregoing reasons, I recommend that the Court dismiss Ritter's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Ritter appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).

Date: March 16, 2023 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).